HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EAGLE HARBOUR CONDOMINIUM ASSOCIATION, a Washington nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois corporation,<br><br>Defendant. | CASE NO. C15-5312RBL<br><br>ORDER DENYING DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT |

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment [Dkt. #19] due to failure to file this lawsuit within the one-year limitation period prescribed in the policy. The Court has reviewed the materials filed for and against this motion. Oral argument is not necessary to resolve this motion. For the following reasons, the motion is **DENIED**.

**I. FACTS**

Plaintiff, Eagle Harbour Condominium Association (EHCA), is a homeowner's association which maintains the Condominium common areas and the exterior of the two buildings which comprise the Condominium Project. Defendant, Allstate Insurance Co., insured EHCA beginning no earlier than September 1, 1988, and ending no later than September 1, 1997.

1  The Allstate policy required that if an insured elects to file suit related to the coverage under the

2  Allstate policy, the insured must file any such lawsuit within one year after a loss occurs.

3         From the period between 1996 through 2014, EHCA encountered ongoing and

4  continuous leaks, damage and repair efforts to the buildings.  From the documented history,

5  Allstate claims that EHCA knew of ongoing and progressive decay damage to its exterior

6  building envelope.  Allstate argues that EHCA was aware of pervasive damage to their buildings

7  and consciously elected not to tender a claim to Allstate.  It did not notify Allstate until July of

8  2014 when it first made a claim.  This lawsuit was not filed until April 14, 2015.  The lawsuit is

9  therefore contractually time-barred.

10        EHCA denies that the lawsuit is time-barred.  EHCA's expert determined that "it is

11  impossible to tell from these photos whether there is hidden damage to sheathing and framing

12  behind the stucco, drywall, and roof." Ludwig Decl. [Dkt. #28].  EHCA seeks only coverage for

13  damage which remained hidden from view, namely:  1) damage to exterior wall sheathing and

14  framing in the main buildings and Phase I towers and; 2) the risk of collapse from hidden decay

15  in these areas.  EHCA does not seek coverage for pre-tender repairs.

16  **A.  Summary Judgment Standard**

17         The Court shall grant summary judgment if no genuine issue of material fact exists and

18  the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).  The moving

19  party bears the initial burden of demonstrating the absence of a genuine issue of material fact.

20  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  A fact is

21  material if it might affect the outcome of the suit under the governing law.  *Anderson v. Liberty*

22  *Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  To survive a motion for

23  summary judgment, the adverse party must present affirmative evidence, which "is to be

24  believed" and from which all "justifiable inferences" are to be favorably drawn.  *Id*. at 255, 257.

When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *SeeBeard v. Banks*, 548 U.S. 521, 529, 126 S.Ct. 2572, 165 L.Ed.2d 697 (2006) ("Rule 56(c) 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

**B. The Meaning of "Hidden"**

EHCA's insurance claim seeks the cost of repairing the hidden damage to sheathing and framing in the exterior walls of two condominium buildings caused by water intrusion and the risk of collapse caused by incremental hidden decay. EHCA relies on *Panorama Village Condo. Owners Ass'n. Bd. Of Dirs. v. Allstate Ins. Co.*, 144 Wash.2d 130 (Wash. 2001). The Washington Supreme Court interpreted the exact same suit limitations period in the same policy. The court found that the hidden incremental damage at issue continued to "occur" until it was exposed to view and, therefore, the suit limitations period only began to run when the hidden damage was exposed to view during a "selective demolition" effort performed by the latest expert employed by EHCA. The exterior wall sheathing and framing is concealed from view and cannot be seen until the stucco cladding is removed. EHCA contends that, prior to August 2014, 97.05% of the sheathing and framing at the main buildings had never been exposed to view at any time since original construction.

From the documentation presented in the Declaration of Alfred E. Donohue [Dkt. #21], there can be little dispute that the frequent water leakage repairs over many years are evidence that EHCA had reason to suspect that decay existed. The "discovery rule" is not the test for the hidden decay provision in the policy. In *Panorama*, the Court was confronted with a policy containing a hidden decay provision similar to the one at issue here. In *Panorama*, a

ORDER DENYING DEFENDANT ALLSTATE
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT - 3

condominium complex had a history of maintenance problems. In May 1996, an investigator was unable to determine the presence of hidden decay. He then removed some siding to inspect the structural support and determined that decay had occurred and the complex was at risk of collapse due to dry rot. The insurer denied the claim Panorama submitted in July 1996, and Panorama filed suit in August 1996. The insurer challenged the trial court's summary judgment in favor of Panorama. On appeal, the Court of Appeals held that the trial court had erred when it determined that the term "hidden" meant "out of sight" or "concealed" rather than "known." *Panorama*, 144 Wash.2d at 136, 26 P.3d 910. The Washington Supreme Court reversed the Court of Appeals, observing that "hidden" as used in the policy was ambiguous, and stated that if the insured "intends 'hidden' to mean 'unknown,' it must say so." *Panorama*, 144 Wash.2d at 141, 26 P.3d 910. Instead, "hidden" is to be interpreted to mean "concealed" or "out of sight."

The following can be gleaned from the evidence and all justifiable references viewed favorably to the non-moving party:

1) The members of the EHCA have a personal and financial interest in the property;
2) EHCA had an active Board of Directors fully involved in the maintenance and management of the property;
3) EHCA routinely reviewed and responded to complaints and concerns about safety on the property, damage to the property, and the appearance of the units and all common areas;
4) EHCA employed numerous experts on multiple occasions over the ensuing decades to discover, diagnose and remedy problems from whatever source (in this case, water intrusion into the buildings);
5) EHCA followed the experts' recommendation;

6) EHCA chose the most cost-effective solution for the problem as described to them;

7) A localized problem was timely resolved but once a localized problem was remedied, EHCA did not go looking for other, similar problems elsewhere on the property;

8) When they began selective demolition (removal of siding at select locations), then and only then did they know that a "system wide" failure of the building envelope occurred. That date was August 2014.

On this evidence, the lawsuit is not time-barred and Defendant's Motion for Summary Judgment [Dkt. #19] is **DENIED.**

Dated this 29th day of December, 2015.

Ronald B. Leighton
United States District Judge

ORDER DENYING DEFENDANT ALLSTATE
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT - 5

6) EHCA chose the most cost-effective solution for the problem as described to them;

7) A localized problem was timely resolved but once a localized problem was remedied, EHCA did not go looking for other, similar problems elsewhere on the property;

8) When they began selective demolition (removal of siding at select locations), then and only then did they know that a "system wide" failure of the building envelope occurred. That date was August 2014.

On this evidence, the lawsuit is not time-barred and Defendant's Motion for Summary Judgment [Dkt. #19] is **DENIED.**

Dated this 29th day of December, 2015.

Ronald B. Leighton
United States District Judge

ORDER DENYING DEFENDANT ALLSTATE
INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT - 5