HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EAGLE HARBOUR CONDOMINIUM ASSOCIATION,

Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

Defendant.

CASE NO. C15-5312-RBL

ORDER ON MISC. MOTIONS

DKT. #146, 147, 161

THIS MATTER is before the Court on the following motions:

- Eagle Harbour's Motion for Partial Summary Judgment against Defendants Commonwealth's and Fireman's Fund late notice defense [Dkt. #146];
- Eagle Harbour's Motion for Summary Judgment against Commonwealth's and Fireman's suit limitations defenses [Dkt. #147]; and
- Commonwealth's Motion to Strike Eagle Harbour's Summary Judgment Motions against it [Dkt. #161].

Plaintiff Eagle Harbour Condominium Association seeks dismissal of Defendants Commonwealth's and Fireman's Fund affirmative late notice and suit limitations defenses. [Dkt. ##146, 147]. Commonwealth asks the Court to strike the Association's contemporaneous motions, [Dkt. #161], and Fireman's joins the motion to strike. [Dkt. #182 at 2].

## I. DISCUSSION

**A. Factual Background.**

The Association manages two stucco-clad condominium buildings built in approximately 1980 on Bainbridge Island. The buildings suffered from ongoing and progressive damage: decades of water intrusions caused hidden decay. The Association sues its insurers for denying coverage. At issue is whether Commonwealth's and Fireman's defenses that the Association tendered its claim too late and that the policy's limitations period expired before it sued have merit. Commonwealth insured the Association from 2005 to 2007, and Fireman's insured it from 2010 to 2012.

The Association periodically addressed the water damage brought to its attention. For example, between 2004 and 2007, it paid over $2 million to repair all damage identified by Building Envelope Technology & Research. It also applied an elastomeric coating in September 2007 to prevent future damage. This coating failed years before expected, and the Association continued to have problems with mold and decay. In November 2013, the Association discovered mold in a stair tower. It tendered a claim to Commonwealth (and others) for this damage in July 2014, entered into a tolling agreement, and invited Commonwealth to participate in its investigation of a potential larger problem.

In August 2014, the Association hired BET&R to investigate whether the buildings' exterior walls' sheathing and framing continued to suffer from hidden water damage. At that time, the Association realized Eagle Harbour's buildings' envelope suffered from a systemic problem. Commonwealth denied coverage on July 6, 2015. Once the Association realized Fireman's insured it, the Association alleges, it tendered a claim and entered into a tolling agreement with it, too: in March 2016. Fireman's denied coverage on November 30, 2016.

The Association seeks to prevent Commonwealth and Fireman's from asserting their defenses that (1) the Association tendered its claim late, prejudicing each, and (2) the limitation period on each policy ran before the Association sued. First, the Association argues it tendered its claims within a "practicable" and "prompt" time after learning of Eagle Harbour's hidden and systemic damage under *Greenlake Condominium Association v. Allstate Insurance Company*, No. C14-1860-BJR, at *7–8 (W.D. Wash. Apr. 25, 2016), but even if it did not, neither Commonwealth nor Fireman's were prejudiced: Commonwealth identified no prejudice, as is its onus, and Fireman's could have paid to investigate the damage if it had needed to gather its own or additional information.

Commonwealth argues that whether it and Fireman's were prejudiced is a question for the factfinder. Fireman's claims it was prejudiced because it did not receive notice until after Eagle Harbour's hidden damage had been investigated. Both argue whether the Association provided late notice concerns its potential entitlement to *Olympic Steamship* fees, a question not yet before the Court.

Second, the Association argues it tendered its claim to Commonwealth and to Fireman's within each policy's limitations period by suing Commonwealth one year after finding hidden damage at Eagle Harbour and suing Fireman's within two years of that date, August 2014, in accordance with each policy and *Panorama Village Condominium Owners Association Board of Directors v. Allstate Insurance Company*, 144 Wn.2d 130, 134, 140, 26 P.3d 910, 916 (2001).

Commonwealth and Fireman's each argue the Association's claims are untimely. Commonwealth argues the Association learned of damage earlier than July 2013, so even taking their tolling agreement into account, the Association did not timely sue. Fireman's argues under *Panorama Village*, the Association was required to sue within two years after a loss occurs,

meaning two years after each rain event or two years after the damage necessitates repairs to the property, not within two years of learning of the buildings' hidden damage.

Finally, Commonwealth, joined by Fireman's, asks the Court to strike the Association's motions dismissing its affirmative defenses. It argues the Association violated Local Rule 7(e)(3) by filing two dispositive motions contemporaneously and over the Court's page limit, without the Court's permission. The Association argues it did not violate the Court's page limit, and offers to repackage its motions by defendant, instead of by issue, to so demonstrate.

**B.     Standard of Review.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

**C.  Late Notice Defense.**

Commonwealth's and Fireman's policy contain notice provisions. The Association argues it complied with those provisions by providing notice to Commonwealth that it suspected system-wide damage, and even if its notice was late to Commonwealth or Fireman's, neither has identified how the late notice prejudiced it such that the late notice justified a denial of coverage. Commonwealth argues the Association's eight month delay between observing damage at a stair tower in November 2013 and tendering a claim in July 2014 was impracticable. Fireman's argues the Association failed to provide it prompt notice by not tendering a claim until March 2016, and this failure prejudiced it because it was not afforded an opportunity to participate in the joint-investigation of the envelope damage.

When an insured's sustained loss is hidden decay, the insured must notify its insurer when the decay is known—when it is no longer concealed—not when the decay commenced. *See Greenlake Condo. Ass'n v. Allstate Ins. Co.*, No. C14-01860-BJR, at *6 (W.D. Wash. 2016); *see also Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co.*, 26 P.3d 910 (Wash. 2001)). Even if tender is late, however, an insurer must perform under the contract unless it can show the late tender caused it "actual and substantial prejudice." *Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 164 Wn.2d 411, 427, 191 P.3d 866 (2008); *see also Churchill v. Factory Mut. Ins. Co.*, 234 F. Supp. 2d 1182, 1190 (W.D. Wash. 2002) (To rely on the defense of late notice, the insurer must establish that the insured's late notice of its loss caused the insurer actual prejudice). The insurer must prove that the insured's breach of the policy's notice provision had "an identifiable and material detrimental effect on its ability to defend its interests." *Mut. of Enumclaw*, 164 Wn.2d at 430.

The Association tendered its claim to Commonwealth in July 2014, eight months after discovering damage in a stair tower and one month before discovering systemic hidden damage. To the extent the Association claims Commonwealth is liable for the damage in the stair tower, an eight-month delay to investigate and gather insurance information is not impracticable. Commonwealth was notified before repairs began. To the extent the Association argues Commonwealth is liable for the damage in the buildings' envelope, discovered in August 2014, the Association timely notified Commonwealth of the damage. It alerted Commonwealth to its concerns about system-wide hidden damage in its July 2014 letter and invited Commonwealth to participate in its investigation. *See* Dkt. #186 (Denton Dec.) at Ex.9 at 12. This is not to suggest, though, that Commonwealth is necessarily liable for the stair tower or envelope damage, which might have solely arisen after Commonwealth's coverage terminated, only that the Association provided prompt notice.

The Association did not tender its claim to Fireman's until March 2016—approximately one and one half years after it learned of system-wide hidden damage and had commenced its investigation and repair work. This delay was impracticable and inexcusable. The Association's only justification is that it had forgotten Fireman's insured it. On the record presented, construed in the light most favorable to Fireman's, the Court cannot say as a matter of law that Fireman's was not prejudiced by the Association's delay.

The Association's Motion for Summary Judgment on Commonwealth's and Fireman's late notice defense [Dkt. #146] is therefore GRANTED IN PART AND DENIED IN PART. The Association did not provide late notice to Commonwealth, but it did to Fireman's. It is for the factfinder to determine whether Fireman's was prejudiced, and so was justified in denying coverage on this ground. Commonwealth's late notice affirmative defense is DISMISSED.

**D.     Suit Limitations Defenses.**

Commonwealth's policy required the Association to sue within one year of discovering any loss, and Fireman's required the Association to sue within two. The Association argues it met these deadlines because although it did not sue Commonwealth until December 30, 2015, the parties agreed to toll the Association's claims on July 29, 2014, and although it did not sue Fireman's until August 9, 2016, their tolling agreement began March 17, 2016.

Neither Commonwealth nor Fireman's challenges the Association's calculations regarding their respective tolling agreements. Instead, Commonwealth argues the Association's suit is untimely because it discovered the loss giving rise to its claim before July 2013, because it performed significant repairs between 2004 and 2007 at BET&R's urging, and the limitations period began as soon as the Association knew Eagle Harbour had some damage. Fireman's argues that under the Court's interpretation of *Panorama Village*, the Association was required to sue within two years of each rain event or within two years of when the buildings' decay was so severe it required the property to be replaced, which it did not timely do.

Regarding the Association's claim for system-wide and decades-long hidden damage at Eagle Harbour, the Court has twice announced the suit limitation period for an "after a loss occurs" provision commenced once the damage was exposed to view. *See* Dkt. #31 (Order Denying Allstate's Motion for Summary Judgment on its policy's one-year suit limitation period). "Following the Washington Supreme Court's instruction, the Association's … [loss] … lasted until the [water] intrusion ended. *See Panorama Village*, 144 Wn.2d at 140, 145. The one-year suit limitations period began at that time: no earlier than August 2014." Dkt. #59 (Order Denying Reconsideration). The Association could not tackle the efficient proximate cause of its loss (whether the result of inadequate construction, repeated exposure to wind-driven rain, or

what-have-you) until August 2014, when it learned water had intruded into its buildings' envelope and produced a system-wide loss. The suit limitation period began for both policies at that time.

Having tolled its claims with Commonwealth in July 2014 and with Fireman's in March 2016, the Association sued for coverage within each insurer's limitation period. The Association's Motion for Summary Judgment on Commonwealth's and Fireman's Suit Limitations Defenses [Dkt. #147] is therefore GRANTED. Commonwealth's and Fireman's suit limitations defenses, on this ground, are DISMISSED.

**E.  Motion to Strike.**

The Association filed three motions against Commonwealth: a December 29, 2016 motion for partial summary judgment that Commonwealth covers the Association's loss [Dkt. #137], a December 30, 2016 motion for partial summary judgment on Commonwealth's late notice defense [Dkt. #146], and a December 30, 2016 motion for partial summary judgment on Commonwealth's suit limitations defense [Dkt. #147].

Commonwealth, joined by Fireman's, asks the Court to strike the Association's motions against Commonwealth's (and Fireman's) late notice and suit limitations defenses. *See* Dkt. #161. Commonwealth argues the Association's contemporaneous filing of three dispositive motions, each regarding a discrete issue, violates Local Rule 7(e)(3) because the Association did so without the Court's permission. It argues the Association filed 58 pages of briefing, well beyond the Court's 24-page limit. The Association argues it did not violate Local Rule 7 because, at most, it only filed 23 pages of contemporaneous briefing against Commonwealth. It offers to repackage its motions by defendant, instead of by issue, to more accurately reflect the Court's page limit.

Local Rule 7 prevents frivolous, superfluous filings: "Motions for summary judgment … shall not exceed twenty-four pages.… Absent leave of the court, parties must not file contemporaneous dispositive motions, each one directed toward a discrete issue or claim." Local Rule 7(e)(3).

This case is unusually complex. It spans three decades, includes a handful of insurance policies, multiple defenses, and even more questions of fact. The Court therefore *post-hoc* grants the Association leave to file its contemporaneous motions (the pages it has already filed and the Court has digested), and so Commonwealth's motion to strike [Dkt. #161] is DENIED for good cause.

IT IS SO ORDERED.

Dated this 12th day of April, 2017.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge