HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EAGLE HARBOUR CONDOMINIUM ASSOCIATION,<br><br>                  Plaintiff,<br><br>    v.<br><br>ALLSTATE INSURANCE COMPANY, et al.,<br><br>                  Defendants. | CASE NO. C15-5312RBL<br><br>ORDER ON MOTIONS FOR RECONSIDERATION<br><br>[Dkt. #s 210, 211, 214, 216, 219, and 220] |

THIS MATTER is before the Court on the following motions: (1) the insurers' Motions for Reconsideration of the Court's Order [Dkt. #200] denying their motions for summary judgment [Dkt. #s 210 (St Paul), 211 (Fireman's Fund), 214 (Commonwealth), and 219 (Eagle West, joining the others)]; and (2) a subset of the defendant insurers' Motions for Reconsideration or Clarification of the Court's Order [Dkt. #201] on Plaintiff Eagle Harbour Condominium Association's motions for summary judgment. [Dkt. #s 216 (St. Paul), 211 (Fireman's Fund), and 220 (Commonwealth)].

The Association claims that each is a re-hash of already-rejected arguments.

ORDER - 1

Motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the Court earlier, through reasonable diligence. *See* LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] Motion for Reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Neither the Local Civil Rules nor the Federal Rules of Civil Procedure, which allow for a Motion for Reconsideration, provides litigants with a second bite at the apple. A Motion for Reconsideration should not ask a court to rethink what the court has already thought through— rightly or wrongly. *See Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

**A. The Court's Order Denying the Insurers' Motions [Dkt. #200].**

  1. *St. Paul* **[Dkt. #210]**

St Paul argues first that its motion to dismiss the Association's "collapse" claim against it was not opposed and should have been granted. The Association argues it never made a "collapse" coverage claim against St. Paul and that the Motion for Reconsideration should be

denied as moot. The Court agrees. In any event, there is no "collapse" claim against St. Paul. The Motion for Reconsideration on this point is **DENIED**.

St. Paul[1] also argues the Court's determination that the efficient proximate cause of the Association's loss was a question of fact for the jury cannot be squared with a case it relied on, *Kish v. Ins. Co. of N. Am.*, 125 Wn.2d 164, 883 P.2d 308 (1994). *Kish* held (unremarkably) that a policy with a flood exclusion did not cover a flood, even though the insureds had characterized the cause of the inundation damage as "record rainfall."

Here, the Association claims the efficient proximate cause of their loss was (covered) wind-driven rain, not (excluded) deterioration, rot, or inadequate construction. St. Paul argues weather is to rain as deterioration is to flood, in *Kish*. The Association's claim may be tough to sell to a Pacific Northwest jury, but the distinction is not as plain as it was in *Kish*. *See Windsong v Bankers Standard* Cause No. C08 – 0162 JCC (W.D.Wa. 2008), and other cases cited in the Order and in the Association's initial briefing.

The efficient proximate cause of the Association's loss is question for the jury, and the Motion for Reconsideration on this issue is **DENIED**.

2. *Fireman's Fund* **[Dkt. #211]**

Fireman's Fund seeks reconsideration of the Court's Order, describing as "unclear" the issue of whether damages commences at the first occurrence of the type of loss claimed, or each occurrence of loss in a series of multiple losses. It claims that even if some hypothetical loss might be covered under the latter interpretation, the Association has not pointed to any evidence from which a jury could find an instance of a new or identifiable loss commencing during the

---

[1] St. Paul also wonders if the Court used "water damage" and "weather" interchangeably. It did not.

Fireman's Fund policy. In other words, it argues, there is still no evidence that any loss commenced during the Fireman's Fund policy.

Fireman's Fund also argues that its "commencement" policy makes it *not* jointly and severally liable with prior insurers, as a matter of law, and seems to suggest the Court ruled otherwise. The Court *denied* the *Association's* motion for summary judgment on its claim that *St. Paul* is jointly and severally liable for all of the damage at Eagle Harbour [Dkt. #131; denied at Dkt. #200]. It did not determine that St. Paul, or any other insurer, is jointly and severally liable, or that any insurer is liable, at all. There is nothing to reconsider on this point, and the Motion for Reconsideration on it is **DENIED**.

3. *Commonwealth* **[Dkt. #214]**

Commonwealth too complains about whether a statement in the Order was intended to limit the questions of fact the jury will consider:

> Whether the Association knew hidden damage from wind-driven rain would occur to a "substantial probability" is a question for the jury. Otherwise, it is a covered peril.

[Dkt. #200 at 11].

Whether the loss is fortuitous (a threshold question conceptually distinct from the applicability of identified exclusions) is a question of fact for the jury. Whether the efficient proximate cause of the loss was (covered) wind-driven rain, or (excluded) deterioration, rot, or faulty construction is also a question of fact. The Court did not intend to suggest that the only jury issue was fortuity; it is not. These are separate questions for the jury.

Commonwealth also objects to the Court's "joint and several liability" language, for the reasons discussed above, and because its policy covers "differences in condition" (DIC), meaning it does not cover losses Farmers' policy covers. The Court *denied* the *Association's* motion for summary judgment on its claim that Defendant St. Paul is jointly and severally liable

for all of the damage at Eagle Harbour; it did not rule as a matter of law that Commonwealth's DIC policy makes it jointly and severally liable for any damages.

Other than these clarifications, Commonwealth's Motion for Reconsideration of the Court's Order on Summary Judgment [Dkt. #200] is **DENIED**.

**B. The Court's Order on Plaintiff Eagle Harbour's Motions [Dkt. #201].**

1. *St. Paul* **[Dkt. #216]**

St. Paul argues the Court's Order on the Association's summary judgment motions against Fireman's Fund and Commonwealth (seeking dismissal of their affirmative "late notice" and "suit limitations" defenses) improperly includes findings of fact[2]. St. Paul is concerned these "findings" were intended to be binding on it.

The Court did not (and does not) make factual findings on summary judgment; it views the evidence in the light most favorable to the non-moving party, and determines whether it presents a genuine issue of material fact precluding judgment as a matter of law. None of the factual "statements" in the Court's Orders was intended to be a finding of fact, and the jury will not be instructed as to any of them. As is explained below, the Association's motions for summary judgment on the suit limitations and late notice affirmative defenses was improperly granted, and those issues of fact will be resolved by the fact finder at trial. To this limited extent, St. Paul's Motion for Reconsideration is **GRANTED**.

2. *Firemans Fund* **[Dkt. #211]**

Fireman's Fund argues that if the Court has concluded there is a question of fact about when the Association's loss "commenced," it should reconsider its ruling granting the Association's motion for summary judgment on its suit limitations defense (which determined

---

[2] Two of the "Findings" identified by St. Paul are not located at the pages and lines cited.

that the suit was timely because it was filed within two years of August 2014): There cannot be "system wide and decades long hidden damage[3]" and simultaneously a question of fact over whether there is some discrete, identifiable loss commencing between five and seven years ago.

On this point, Fireman's Fund is correct. The August 2014 date was articulated viewing the evidence in the light most favorable to the *Association*, not to the insurers. Fireman's Fund's Motion for Reconsideration of the Order [Dkt. #201] Granting the Association's Motions for Summary Judgment (on the suit limitations and late notice affirmative defenses) is **GRANTED,** and the Association's motions on these affirmative "timing" defenses [Dkt. #s 146 and 147] are **DENIED**. Those defenses present factual issues for the jury, and the insurers' asserting such "timing" defenses may present evidence and argument on those issues.

3. *Commonwealth* **[Dkt. #220]**

Commonwealth emphasizes that most of the damage or loss at issue was in fact known to the Association before August 2014, and asks the Court to reconsider its ruling on its "timing" defenses. That Motion is **GRANTED**. The Association's Motions for Summary Judgment on those affirmative defenses [Dkt. #s 146 and 147] are **DENIED**.

Commonwealth also takes issue with the Court's language, apparently fearing that it determined as a matter of law (or made factual findings to the effect that) the Association undertook all of the repairs recommended by its expert, BET&R, and that the claimed damage at Eagle Harbour is "systemic."

---

[3] The insurers take issue with this characterization, which, like the other "facts" stated in the Orders, characterizes the evidence viewed in the light most favorable to the non-moving party.

As explained above, the Court did not make these or any other factual findings. The parties may argue their views of competing evidence. Other than this clarification, this portion of Commonwealth's Motion for Reconsideration is **DENIED**.

IT IS SO ORDERED.

Dated this 9th day of May, 2017.

Ronald B. Leighton
United States District Judge